# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAURA VAN HEIJNINGEN and
TOM VAN HEIJNINGEN,
    Plaintiffs,

v.                                       Case No. 17-C-426

30 WATT HOLDINGS INC. and
RYAN DOLAN,
    Defendants.

## ORDER

Plaintiffs Laura and Tom Van Heijningen and defendant 30 Watt Holdings Inc. formed DW Pub LLC, a Wisconsin limited liability company, to own and operate a bar and restaurant in Milwaukee, Wisconsin. Plaintiffs each own 25% of the interest in the company, and 30 Watt owns the other 50%. In DW's operating agreement, its members designated one of 30 Watt's owners, defendant Ryan Dolan, as its chief manager.

Plaintiffs brought this action in Milwaukee County Circuit Court alleging that Dolan has taken over DW, locked them out of the business ("literally and figuratively"), and engaged in extensive self-dealing to defendants' benefit and plaintiffs' detriment. They seek damages for breach of contract, breach of the implied duty of good faith and fair dealing, and breach of fiduciary duty; an accounting; and judicial dissolution.

Defendants removed the case to this court citing diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), and move to dismiss plaintiffs' claims, other than for dissolution.

### I. Damages Claims

First, defendants move to dismiss plaintiffs' damages claims arguing that they are unauthorized derivative claims. A claim is "derivative" when it is brought on behalf of

a company by someone with an ownership interest in the company, such as a shareholder of a corporation or a member of an LLC. *See Park Bank v. Westburg*, 2013 WI 57, ¶¶ 40–41, 348 Wis. 2d 409, 423–25, 832 N.W.2d 539, 546–47.

In Wisconsin, unless an operating agreement provides otherwise, members of an LLC can only bring an action on the company's behalf if they are authorized to sue by majority vote (based on ownership interest) of those members who do not have "an interest in the outcome of the action that is adverse to the interest of the [LLC]." *See* Wis. Stat. § 183.1101(1); *see also id.* § 183.0404(1)(a), (3).

All three of DW's members have an interest in this action adverse to DW's. Plaintiffs seek to dissolve DW, *see Read v. Read*, 556 N.W.2d 768, 771–72 (Wis. Ct. App. 1996), and 30 Watt stands accused of misconduct for which it may be liable to DW, *see Lenticular Europe LLC ex rel. Van Leeuwen v. Cunnally*, 2005 WI App 33, ¶ 26, 279 Wis. 2d 385, 403, 693 N.W.2d 302, 310. That no member can authorize a derivative action means that plaintiffs cannot pursue derivative claims.

Plaintiffs concede that they cannot pursue derivative claims but argue that this is irrelevant because they aren't trying to. To the contrary, they say, they are suing "to redress direct injuries" that they "sustained individually," so their claims are permissible direct claims, not derivative claims. *See Park Bank*, 2013 WI 57, ¶ 44 (quoting 12B William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 5911 (2009); *Buschmann v. Prof'l Men's Ass'n*, 405 F.2d 659, 663 (7th Cir. 1969)).

In general, whether a claim is direct or derivative depends on whether the "right . . . sought to be enforced by the . . . cause of action" belongs to the individual or the company. *Rose v. Schantz*, 201 N.W.2d 593, 597 (Wis. 1972). Courts consider various

2

factors relevant to this inquiry, depending on the facts of a given case, including the character of the alleged injury. *Park Bank*, 2013 WI 57, ¶ 43.

The key factor here is the nature of the relief sought. *See id.* ¶ 44. Where an individual seeks "damages sustained by the [company] or damages that the [company] could have sought in its own capacity," the "primary" harm alleged is to the company. *Id.* ¶¶ 43–44. Any subsequent harm to the individual is "secondary," and any resulting claims for damages are derivative. *Id.*

In this case, plaintiffs seek damages representing (1) half of the sum of various forms of financial harm defendants' have allegedly caused DW and (2) the full amount of allegedly improper licensing fees that Dolan has caused DW to pay 30 Watt to use its "Drink Wisconsinbly" brand. *See* Compl., *in* ECF No. 1-1, at 4, ¶¶ 26, 32, 37, 43. DW clearly sustained these damages. Any resulting harm that plaintiffs suffered is, therefore, secondary to (and derivative of) the harm DW primarily and directly suffered.

Accordingly, plaintiffs' claims for damages are derivative claims. Because plaintiffs cannot pursue derivative claims in this action, I will grant defendants' motion to dismiss as to these claims.

## II. Accounting Claim

Next, defendants move to dismiss plaintiffs' claim for an equitable accounting. They first argue that plaintiffs cannot show that they lack an adequate remedy at law, as required to state a claim for equitable relief. Although, "[a]t one time, it was necessary that the plaintiff show on the face of the complaint that no adequate remedy at law was available . . . . [t]hese allegations . . . are no longer considered necessary." 6A Jay E.

Grenig, *Wisconsin Pleading and Practice* § 56:2 (5th ed. 2011) (citing *Chaffee v. Conway*, 103 N.W. 269 (Wis. 1905); *Jolin v. Oster*, 198 N.W.2d 639 (Wis. 1972)).

Defendants also argue that an accounting is unnecessary because the information plaintiffs seek can be obtained in discovery. However, "the need of a discovery" is a cognizable basis for "an equitable accounting action," not a reason to dismiss one. *Id.* (citing *Oconto Cty. v. Carey*, 198 N.W. 590 (Wis. 1924); *Walter Diehnelt Inc., v. Root*, 198 N.W. 388 (Wis. 1924); *Schwickerath v. Lochen*, 4 N.W. 805 (Wis. 1880)). Thus, I will deny defendants' motion to dismiss as to this claim.

### III. Conclusion

For the foregoing reasons and as discussed above, **IT IS ORDERED** that defendants' motion to dismiss (ECF No. 5) is **GRANTED in part** and **DENIED in part**. Plaintiffs' claims for breach of contract, breach of the implied duty of good faith and fair dealing, and breach of fiduciary duty are **DISMISSED** as unauthorized derivative claims.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge