UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Laura Van Heijningen and Tom Van Heijningen, | Case No. 17-CV-426 |
| Plaintiffs, | |
| | **ANSWER** |
| v. | |
| 30 Watt Holdings, Inc. and Ryan Dolan | |
| Defendants. | |

Defendants deny all allegations in the complaint except as expressly admitted below. In further answer to the complaint, Defendants state as follows:

1.     Defendants admit the allegations in Paragraph 1 on information and belief.

2.     Defendants admit the allegations in Paragraph 2.

3.     Defendants admit the allegations in Paragraph 3.

4.     Defendants admit the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.     Defendants admit the allegations in Paragraph 5.

6.     Defendants admit the allegations in Paragraph 6.

7.     Defendants admit that DW Pub is governed by an Operating Agreement, and deny the allegation in Paragraph 7 that the document attached to the complaint is a true, correct and complete copy of the Operating Agreement.

8.     Defendants admit the allegations in Paragraph 8.

9.     Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

## GENERAL ALLEGATIONS

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants do not have sufficient information upon which to admit or deny the allegations in Paragraph 12, and for purposes of this Answer deny the allegations.

13.     Defendants admit the allegations in Paragraph 13.

14.     While they would not use the term "schlock merchant" to describe 30 Watt, Defendants otherwise admit the allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph16.

17.     Defendants admit that DW Pub LLC is governed by an operating agreement, and deny the allegations in Paragraph 17 to the extent they contradict or mischaracterize any term of that agreement.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit that 30 Watt contributed $25,000 in capital to DW Pub LLC and that it holds a 50-percent interest in the company.

20.     Defendants admit that Plaintiffs contributed equipment and inventory in exchange for their equity in DW Pub, LLC, and otherwise deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21, and state that Dolan, as Chief Manager of the Company, removed Laura van Heijningen as an

employee, changed the locks and the POS system of the Company, and that such actions are in the scope of his authority as Chief Manager.

22.     Defendants admit that each Plaintiff has been physically excluded from the premises of DW Pub because of their disruptive behavior, and admit that they have been prevented from writing checks or withdrawing funds from the company bank accounts because they have misused company assets, including paying personal expenses with company funds. Defendants otherwise deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24, and state that DW Pub has not made any payments for license fees to either Defendant.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

## CLAIM I: BREACH OF CONTRACT

27.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

28.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

29.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

30.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

31.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

32.     Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33.     Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

34.     Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

35.     Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

36.     Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

37.     Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM III: BREACH OF FIDUCIARY DUTY

38.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

39.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

40.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

41.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

42.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

43.     Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM IV: ACCOUNTING

44.     Defendants incorporate their responses to the prior allegations.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

## CLAIM V: JUDICIAL DISSOLUTION

52.     Defendants incorporate their responses to the prior allegations.

53.     Defendants admit the allegations in Paragraph 53.

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

Based on the above, Defendants ask that the Court enter judgment dismissing Counts IV and V of the complaint with prejudice.

Dated: November 20, 2017                    **RUBRIC LEGAL LLC**

                                            ___/s/____Chad A Snyder____
                                            Michael H. Frasier
                                            Chad A. Snyder (#1069460)
                                            233 Park Avenue S., Suite 205
                                            Minneapolis, MN 55415
                                            (612) 465-0074
                                            Chad@RubricLegal.com
                                            Michael@RubricLegal.com


                                            Attorneys for Defendants