UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Laura Van Heijningen and Tom Van Heijningen,<br><br>      Plaintiffs,<br>v.<br><br>30 Watt Holdings, Inc. and Ryan Dolan<br><br>      Defendants. | Case No. 17-CV-426<br><br>**AMENDED ANSWER AND COUNTERCLAIM** |

Defendants deny all allegations in the complaint except as expressly admitted below. In further answer to the complaint, Defendants state as follows:

1. Defendants admit the allegations in Paragraph 1 on information and belief.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

### JURISDICTION AND VENUE

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit that DW Pub is governed by an Operating Agreement, and deny the allegation in Paragraph 7 that the document attached to the complaint is a true, correct and complete copy of the Operating Agreement. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9.  Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in Paragraph 10.

## GENERAL ALLEGATIONS

11. Defendants admit the allegations in Paragraph 11.

12. Defendants do not have sufficient information upon which to admit or deny the allegations in Paragraph 12, and for purposes of this Answer deny the allegations.

13. Defendants admit the allegations in Paragraph 13.

14. While they would not use the term "schlock merchant" to describe 30 Watt, Defendants otherwise admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph16.

17. Defendants admit that DW Pub LLC is governed by an operating agreement, and deny the allegations in Paragraph 17 to the extent they contradict or mischaracterize any term of that agreement.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit that 30 Watt contributed $25,000 in capital to DW Pub LLC and that it holds a 50-percent interest in the company.

20. Defendants admit that Plaintiffs contributed equipment and inventory in exchange for their equity in DW Pub LLC, and otherwise deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21, and state that Dolan, as Chief Manager of the Company, removed Laura van Heijningen as an

employee, changed the locks and the POS system of the Company, and that such actions are in the scope of his authority as Chief Manager.

22. Defendants admit that each Plaintiff has been physically excluded from the premises of DW Pub because of their disruptive behavior, and admit that they have been prevented from writing checks or withdrawing funds from the company bank accounts because they have misused company assets, including paying personal expenses with company funds. Defendants otherwise deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

## CLAIM I: BREACH OF CONTRACT

27. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

28. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

29. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

30. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

31. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

32. Plaintiffs' breach of contract claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33. Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

34. Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

35. Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

36. Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

37. Plaintiffs' breach of duty of good faith and fair dealing claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM III: BREACH OF FIDUCIARY DUTY

38. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

39. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

40. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

41. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

42. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

43. Plaintiffs' breach of fiduciary duty claim was dismissed by the Court in its November 4, 2017 Order, and no response to this paragraph is required.

## CLAIM IV: ACCOUNTING

44. Defendants incorporate their responses to the prior allegations.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

## CLAIM V: JUDICIAL DISSOLUTION

52. Defendants incorporate their responses to the prior allegations.

53. Defendants admit the allegations in Paragraph 53.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to assert an accounting or judicial dissolution.

2. Plaintiffs' claims for equitable relief are barred by the doctrine of unclean hands.

## COUNTERCLAIM FOR DECLARATORY RELIEF

1. On February 22, 2016, 30 Watt Holdings, Inc. entered into an Operating Agreement with Laura van Heijningen and Tom van Heijningen regarding the governance and operation of DW Pub LLC. The three were all the members of DW Pub at the time the Operating Agreement became effective.

2. Paragraph 9.7 of the Operating Agreement – titled Involuntary Withdrawal – identifies certain triggering events that would allow DW Pub to redeem all the Membership Units of a Member.

3. Paragraph 9.7(d) of the Operating Agreement provides that, if a Deadlock occurs and is not resolved within thirty days, any Member (deemed the "Moving Member") can provide notice to the other Members (deemed "Non-Moving Members"). The Non-Moving Members would have 20 days to choose either to

withdraw and be bought out or to have the Moving Member withdraw and be bought out.

4. The Members reached a Deadlock in October 2016 regarding the management of DW Pub.

5. On December 1, 2016, Tom van Heijningen and Laura van Heijningen, through attorney Jan Pierce, provided notice to 30 Watt that they wished to buy 30 Watt Holdings' Membership Units out.

6. By doing so, Tom van Heijningen and Laura van Heijningen became the "Moving Members" as that term is defined in Paragraph 9.7 of the Operating Agreement.

7. On December 8, 2016, within 20 days of receiving the Notice, 30 Watt responded to the Notice. It agreed to be the "Withdrawing Member" only upon certain conditions. If Tom and Laura van Heijningen would not agree to those conditions, 30 Watt elected to have Tom van Heijningen and Laura van Heijningen be the Withdrawing Members.

8. Tom van Heijningen and Laura van Heijningen did not agree to the conditions set by 30 Watt for it to be the Withdrawing Member.

9. By rejecting 30 Watt's offer, Tom van Heijningen and Laura van Heijningen became the Withdrawing Members.

10. The Operating Agreement provides that any redemption pursuant to Paragraph 9.7 would be based on the Fair Value of the Company. It allows for the Members to unanimously agree upon the Fair Value of the Company upon a

Triggering Event. The Operating Agreement also provides a valuation procedure if the Members do not agree upon a Fair Value of the Company.

11. After the Triggering Event, all Members of DW Pub unanimously agreed that DW Pub was worth $0.

12. As a result, DW Pub had the right and obligation to redeem Tom van Heijningen and Laura van Heijningen's Membership Units in DW Pub for $0.

## COUNT I
## DECLARATORY JUDGMENT

13. 30 Watt, Laura van Heijningen and Tom van Heijningen are parties to the Operating Agreement of DW Pub.

14. There exists a present controversy between 30 Watt and Laura van Heijningen and Tom van Heijningen regarding each party's rights under the Operating Agreement.

15. 30 Watt's interests are adverse to Laura van Heijningen and Tom van Heijningen.

16. 30 Watt seeks a declaration that Laura van Heijningen and Tom van Heijningen voluntarily withdrew from DW Pub by invoking Paragraph 9.7 of the Operating Agreement.

17. 30 Watt seeks a declaration that all Members of DW Pub, LLC agreed the Fair Value of DW Pub was $0 for purposes of redeeming Laura van Heijningen and Tom van Heijningen's Membership Units.

18. 30 Watt seeks a declaration that Laura van Heijningen and Tom van Heijningen have had no Membership Units of DW Pub since they voluntarily withdrew and had DW Pub redeem their Membership Units.

On the basis of these allegations, 30 Watt Holdings, Inc. requests that the Court enter an Order Declaring:

1. Laura van Heijningen and Tom van Heijningen voluntarily withdrew from DW Pub.
2. 30 Watt Holdings, LLC, Laura van Heijningen and Tom van Heijningen, agreed that the Fair Value of DW Pub was $0 for purposes of redeeming Laura van Heijningen and Tom van Heijningen's Membership Units of DW Pub.
3. Laura van Heijningen and Tom van Heijningen have had no Membership Units of DW Pub since they voluntarily withdrew and had the company redeem their Membership Units.

Dated: February 2, 2018

RUBRIC LEGAL LLC

/s/     Michael Frasier
Michael H. Frasier
Chad A. Snyder (#1069460)
233 Park Avenue S., Suite 205
Minneapolis, MN 55415
(612) 465-0074
Chad@RubricLegal.com
Michael@RubricLegal.com

Attorneys for Defendants