UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Laura Van Heijningen and Tom Van Heijnengen<br><br>Plaintiffs,<br><br>v.<br><br>30 Watt Holdings, Inc. and Ryan Dolan,<br><br>Defendants. | Case No: 17-cv-00426-L.A.<br><br>**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM** |

NOW COMES Plaintiffs Laura Van Heijningen and Tom Van Heijnengen (herein "Plaintiffs"), by Attorney Daniel M. Adams of the Adams Law Group, llc law firm who hereby answers the Counterclaim of Defendants 30 Watt Holdings, Inc. and Ryan Dolan (herein "Defendants"), as follows:

### ANSWER TO COUNTERCLAIM

**Answering Paragraph No. 1:**

Plaintiffs admit to the allegations in Paragraph 1.

**Answering Paragraph No. 2:**

Plaintiffs admit to the allegations in Paragraph 2.

**Answering Paragraph No. 3:**

Plaintiffs admit to the allegations in Paragraph 3 insofar as the allegations state a portion of the Operating Agreement.

**Answering Paragraph No. 4:**

Plaintiffs deny the allegations in Paragraph 4 as the phrase "reached a Deadlock" calls for a legal conclusion, Plaintiffs admit all aspects of the Company's management and control was disputed after Defendants locked Plaintiffs out of the Company.

**Answering Paragraph No. 5:**

Plaintiffs deny the allegations in Paragraph 5. All statements between the Parties' attorneys made between December 1st and December 8th, 2016 regarding the Company were compromise offers and negotiations.

**Answering Paragraph No. 6:**

Plaintiffs deny the allegations in Paragraph 6.

**Answering Paragraph No. 7:**

Plaintiffs deny the allegations in Paragraph 7.

**Answering Paragraph No. 8:**

Plaintiffs deny the allegations in Paragraph 8 as no "notice" was provided by either Party pursuant to the Operating Agreement.

**Answering Paragraph No. 9:**

Plaintiffs deny the allegations in Paragraph 9.

**Answering Paragraph No. 10:**

Plaintiffs admit to the allegations in Paragraph 10 insofar as the allegations state a portion

of the Operating Agreement.

**Answering Paragraph No. 11:**

Plaintiffs deny the allegations in Paragraph 11.

**Answering Paragraph No. 12:**

Plaintiffs deny the allegations in Paragraph 12.

**Answering Paragraph No. 13:**

Plaintiffs admit to the allegations in Paragraph 13 insofar as the allegations state a portion of the Operating Agreement.

**Answering Paragraph No. 14:**

Plaintiffs admits the allegations in Paragraph 14.

**Answering Paragraph No. 15:**

Plaintiffs admits the allegations in Paragraph 15.

**Answering Paragraph No. 16:**

Paragraph 16 recites a cause of action sought by Defendants to which no response is required.

**Answering Paragraph No. 17:**

Paragraph 17 recites a cause of action sought by Defendants to which no response is required. Insofar as a response is required, Plaintiffs deny the allegations in Paragraph 17.

**Answering Paragraph No. 18:**

Paragraph 18 recites a cause of action sought by Defendants to which no response is required. Insofar as a response is required, Plaintiffs deny the allegations in Paragraph 18.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Plaintiffs, by and through their attorney, Daniel M. Addams of the Adams Law Group llc, alleges and shows the Court as follows:

1. Defendants fail to state a claim upon which relief can be granted.
2. Defendants' claim is barred by the doctrine of substantial performance.
3. Defendants' claim is barred by the doctrine of impossibility and/or frustration of purpose.
4. Defendants' claim is barred by the doctrine of unclean hands.
5. Defendants have waived their claim.
6. Defendants' claim is barred by the equitable doctrines of estoppel and laches.
7. Defendants' claim is precluded in whole or part by the concepts of superseding cause and/or intervening cause.
8. Plaintiffs alleges all affirmative defenses required to be pled Rule 8, for the purpose of avoiding waiver of any such defenses as they may later apply.

Defendant reserves the right to assert any further affirmative defenses that may become available as discovery proceeds in this matter.

Respectfully Submitted, at Milwaukee, Wisconsin, this 15th day of February 2018:

        ADAMS LAW GROUP, LLC
        For the Defendant

By: _____
        Daniel M. Adams
        State Bar No. 1067564
        735 W. Wisconsin Ave., Suite 725
        Milwaukee, WI 53233
        (T) 414-921-1945
        (F) 414-921-1946
        Dan@DefenseWisconsin.com